(14 Misc. Rep. 246.)

ANDERSON v. HOOPLE et al.

(City Court of New York, General Term.    October 29, 1895.)

EVIDENCE—CONCLUSION OF WITNESS.
    On an issue as to whether an order which named a foreign corporation as payee was in fact made to plaintiff, who was manager of the corporation, it is error to permit the payee to testify that his dealings with the maker of the order were in his individual capacity.

Appeal from trial term.

Action by John R. Anderson against William H. Hoople, impleaded.    There was a judgment in favor of plaintiff, and defendant Hoople appeals.    Reversed.

For former report, see 31 N. Y. Supp. 874.

Argued before VAN WYCK, C. J., and McCARTHY, J.

George M. Brooks, for appellant.

Menken Bros., for respondent.

McCARTHY, J.    The objections made by appellant to conversations had by plaintiff with the defendant's cotrustees in regard to the matter of their joint liability are untenable, and the trial justice properly ruled on them.

At folio 77 the following question was asked:

"Q. In what capacity did you do business with Mackintosh & Co.?    (Counsel for defendant W. H. Hoople objected to the question, as incompetent, immaterial, and irrelevant, as calling for a conclusion, and as not the best evidence.    Question allowed.    Defendant Hoople excepted.)    A. It was individually.    My correspondence with them was individually, and my dealings with them individually."

This was error.

At the close of the plaintiff's case, the trial justice was asked to dismiss the complaint, and also to direct a verdict for the defendant, on the grounds: First, that the proofs failed to show any cause of action in favor of the plaintiff, John R. Anderson, against the defendant William H. Hoople; second, that the proofs failed to sustain the allegations of the complaint; third, that no title or ownership in the plaintiff to the order set forth in the complaint had been shown; fourth, that no title or ownership in the plaintiff to the order received in evidence had been shown,—which was denied. This was also error, for, from a careful examination of the evidence in the case, it is clear and decisive that the plaintiff failed to show any action in his favor, or any title or ownership to either the order set forth in the complaint or to the order received in evidence; and that, if there was any right of action, it was in favor of the corporation, John R. Anderson Company, which was admitted to have been duly incorporated in New Jersey, but doing business in New York. There is no evidence of any transfer or assignment of this claim by the corporation to the plaintiff individually.

The judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event.